ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 14 2023
CLERK, U.S. DISTRICT COURT
By_____
   Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. |
| ZACHARY STEVENS (01)<br>MARIA GUADALUPE PEREZ (02) | 4-23CR-184-O |

## INDICTMENT

The Grand Jury Charges:

### GENERAL ALLEGATIONS

At all times relevant herein:

### INTRODUCTION

**A.   UNIVERSAL BRANDS CONSOLIDATED, L.L.C. ("UNVRSL")**

1. Defendant Zachary Stevens (Stevens) is the sole member and operator of Universal Brands Consolidated, L.L.C. (UNVRSL), which is a Texas company that sells shoes and other goods to customers in Mexico, Chile, Honduras, Bolivia, Guatemala, Jordan, and Spain.

2. The significant majority of UNVRSL's business is as a wholesaler of shoes.

3. UNVRSL and Stevens relied on others to unlawfully smuggle shoes into Mexico from the United States to avoid tariffs, duties, and fees imposed by the Mexican Government on the import of shoes into Mexico.

Indictment – Page 1

### B. DEFENDANTS

4.  Stevens received large cash payments from Mexico-based customers of UNVRSL. Stevens also purchased, and caused others to purchase, money orders made payable to UNVRSL, which were subsequently deposited into back accounts associated with UNVRSL. Stevens also deposited, and caused others to deposit, cash into bank accounts associated with UNVRSL.

5.  Defendant Maria Guadalupe Perez (Perez) works with Zachary Stevens at UNVRSL. Among other tasks, Perez received large cash payments from Mexico-based customers of UNVRSL. Perez also purchased, and caused others to purchase, money orders made payable to UNVRSL, which were subsequently deposited into bank accounts associated with UNVRSL.

### C. TRADE BASED MONEY LAUNDERING

6.  Trade Based Money Laundering (TBML) is the use of the international trade system (including its financial system) to launder illicit proceeds, which in this case was the proceeds from the sale of illegal drugs, and of smuggling goods from the United States. TBML uses the international movement of money as payments or purportedly as payments for goods and services to hide and transport drug money. Drug trafficking organizations use global trade systems to move money around the world by using complex and sometimes confusing documentation associated with trade transactions.

## D. EXPORTATION OF GOODS INTO MEXICO AND OTHER COUNTRIES

7. U.S. Customs and Border Protection (CBP) is responsible for the oversight of the exportation of goods from the United States. In that capacity, CBP is responsible for enforcing the laws and regulations governing the export of goods from the U.S. to foreign destinations.

8. As part of the exportation process, information relative to the exportation of goods is required to be filed with CBP by the United States Principal Party in Interest (USPPI). 15 C.F.R. § 30.1 defines the United States Principal Party in Interest (USPPI) as "[t]he person or legal entity in the United States that receives the primary benefit, monetary or otherwise, from the export transaction."

9. The electronic filing of export information is accomplished through the Automated Export System (AES), which is the system of record used to collect export trade data for exports from the United States. Through this system, an exporter of goods is obligated to submit an Electronic Export Information (EEI), which is formerly known as the paper Shipper's Export Declaration (SED). The EEI contains certain information such as destination of the goods, description and value of the goods, and the carrier used to ship the goods.

10. This information is then transmitted to CBP through the AES. Once filed, the exporter receives an Internal Transaction Number (ITN), which must then be provided to the carrier when the cargo is delivered to that carrier.

A shipment is cleared for export from the United States once CBP has determined that the manifest and EEI/SED information submitted is in order and complete and all export requirements have been met.

11. UNVRSL is the USPPI for goods it sells to wholesale purchasers based in Mexico, Chile, Honduras, Bolivia, Guatemala, Jordan, and Spain.

12. 19 C.F.R. §192.14 and 15 C.F.R. §30 mandate that a USPPI exporting goods valued over $2,500 into a foreign country (to include Mexico, Chile, Honduras, Bolivia, Guatemala, Jordan, and Spain) must file or cause to be filed an EEI within certain enumerated time periods prior to the exportation of those goods. 13 U.S.C. §305(a)(l) makes it a Federal Offense for any person or entity to knowingly fail to file or to knowingly submit false or misleading export information through the Shippers Export Declaration (SED) (or any successor document) or the Automated Export System (AES).

13. UNVRSL exports goods to purchasers in Mexico, Chile, Honduras, Bolivia, Guatemala, Jordan, and Spain. As such, UNVRSL is required to file an EEI prior to exportation of those goods when the value of the goods is over $2,500.

14. 19 C.F.R. §192.14 also mandates that a carrier of cargo may not load cargo without first receiving the EEI from the USPPI or its authorized agent.

15. From 2018 to 2022, UNVRSL did not file a single EEI with AES for any of its exports to Mexico. UNVRSL did file EEI's with AES for exports to Chile, Honduras, Bolivia, Guatemala, Jordan, and Spain.

## E.   FEDERAL LAW APPLICABLE TO CASH TRANSACTIONS

16.   Under federal law, whenever a cash transaction exceeding $10,000 occurs, the financial institution processing the transaction must file a notice with the Secretary of the Treasury known as a Currency Transaction Report ("CTR"). Some depositors attempt to evade that legal filing requirement by making multiple deposits, each below $10,000 in value, at different times, at different bank locations, or into different accounts. This illegal practice is known as "structuring."

17.   Under federal law, whenever a business receives over $10,000 in currency in one transaction or two or more related transactions, the business must file a notice with the Secretary of the Treasury known as an IRS Form 8300 ("Form 8300"). Some individuals and businesses attempt to evade that legal filing requirement by creating multiple invoices for a single transaction, each under $10,000.

18.   Under federal law, whenever a person crosses into the United States from a foreign country, that person must declare to CBP any currency over $10,000 and file a notice with CPB called a Currency and Monetary Instrument Report ("CMIR").

19.   On multiple occasions, Stevens failed to file and caused UNVRSL to fail to file reports of currency transactions over $10,000 in a trade or business (IRS Form 8300) as required under 31 U.S.C. § 5331.

## F. WIRES AND MONEY DEPOSITED INTO ACCOUNTS ASSOCIATED WITH UNVRSL

20. From 2018 to 2022, UNVRSL received wire transfers in the amount of approximately $128,322.73 from financial institutions in Mexico.

21. From 2018 to 2022, UNVRSL received cash and money order deposits in the amount of approximately $1,656,756.

22. From 2018 to 2022, UNVRSL received wire transfers in the amount of approximately $4,078,921.85 from financial institutions in Chile, Honduras, Guatemala, and Spain.

23. The allegations contained in Paragraphs 1 through 22 are incorporated in each and every Count of this Indictment.

<u>Count One</u>
Smuggling Goods from the United States
(Violation of 18 U.S.C. §§ 554 and 2)

On or about April 13, 2022, in the Fort Worth Division of the Northern District of Texas, and elsewhere, the defendant, **Zachary Stevens**, aided and abetted by others, did willfully, knowingly, and fraudulently export and send from the United States certain goods, articles, and objects, to wit: shoes having value in excess of $2,500, contrary to laws and regulations of the United States (19 C.F.R. §192.14, 15 C.F.R. §30, and 13 U.S.C. §305(a)(l)).

In violation of 18 U.S.C. §§ 554 and 2.

## Count Two
### Smuggling Goods from the United States
(Violation of 18 U.S.C. §§ 554 and 2)

On or about May 16, 2022, in the Fort Worth Division of the Northern District of Texas, and elsewhere, the defendant, **Zachary Stevens**, aided and abetted by others, did willfully, knowingly, and fraudulently export and send from the United States certain goods, articles, and objects, to wit: shoes having value in excess of $2,500, contrary to laws and regulations of the United States (19 C.F.R. §192.14, 15 C.F.R. §30, and 13 U.S.C. §305(a)(l)).

In violation of 18 U.S.C. §§ 554 and 2.

## Count Three
## Smuggling Goods from the United States
## (Violation of 18 U.S.C. §§ 554 and 2)

On or about November 3, 2022, in the Fort Worth Division of the Northern District of Texas, and elsewhere, the defendant, **Zachary Stevens**, aided and abetted by others, did willfully, knowingly, and fraudulently export and send from the United States certain goods, articles, and objects, to wit: shoes having value in excess of $2,500, contrary to laws and regulations of the United States (19 C.F.R. §192.14, 15 C.F.R. § 30, and 13 U.S.C. §305(a)(l)).

In violation of 18 U.S.C. §§ 554 and 2.

<u>Counts Four - Ten</u>
Structuring Transactions to Evade Reporting Requirements
(Violation of 31 U.S.C. §§ 5324(a)(3) and (d)(1) and 18 U.S.C. § 2)

Between on or about the dates listed in the below table, in the Northern District of Texas, and elsewhere, defendants, **Zachary Stevens** and **Maria Guadalupe Perez**, aiding and abetting each other, and aided and abetted by others, knowing that domestic financial institutions are legally obligated to report transactions in excess of $10,000, for the purpose of evading and attempting to evade the reporting requirements of 31 U.S.C. § 5313 and the regulations prescribed thereunder, did knowingly structure, attempt to structure, and assist in structuring transactions with domestic financial institutions by purchasing numerous money orders, depositing cash and cashier's checks totaling in excess of $10,000 as described below.

| Count | Defendant | Date | Structure |
|---|---|---|---|
| Four | Perez | November 23 – 29, 2021 | Receiving cash, purchasing numerous money orders (each under $10,000) totaling approximately $27,000, and depositing the same. |
| Five | Perez | December 12 – 24, 2021 | Receiving cash, purchasing numerous money orders (each under $10,000) totaling approximately $53,600, and depositing the same. |
| Six | Perez | April 4 – 19, 2022 | Receiving cash, purchasing numerous money orders (each under $10,000) totaling approximately $63,500, and depositing the same. |

Indictment – Page 10

| Count | Defendant | Date | Structure |
|---|---|---|---|
| Seven | Stevens | August 7 – 27, 2018 | Receiving cash, depositing cash (under $10,000), purchasing numerous money orders (each under $10,000), and depositing the same, totaling approximately $16,400. |
| Eight | Stevens | June 2 – 15, 2021 | Receiving cash, depositing cash (under $10,000), purchasing numerous money orders (each under $10,000), and depositing the same, totaling approximately $51,100. |
| Nine | Stevens | January 17, 2023 | Receiving cash, purchasing numerous money orders (each under $10,000) totaling approximately $20,000, and depositing the same. |
| Ten | Stevens | January 24, 2023 | Receiving and depositing cash (under $10,000), and a cashier check (under $10,000), totaling approximately $17,000. |

In violation of 31 U.S.C. §§ 5324(a)(3) and (d)(1), and 18 U.S.C. § 2.

## Count Eleven
## Failure to File IRS Form 8300
## (31 U.S.C. §§ 5322(b) and 5331, and 18 U.S.C. § 2)

In 2021, in the Northern District of Texas, and elsewhere, defendants **Zachary Stevens** and **Maria Guadalupe Perez**, aiding and abetting each other, and aided and abetted by others, were then and there engaged in a trade and business and willfully violated 31 U.S.C. § 5331, in that the defendants received in the course of their trade and business United States currency in excess of $10,000 in one transaction without filing a Report of Cash Payments over $10,000 in a Trade or Business (Internal Revenue Service and Financial Crimes Enforcement Network Form 8300) at such time and in such manner as the Secretary of the Department of the Treasury has, by regulation, prescribed, and did so as part of a pattern of illegal activity involving more than $100,000 in the 12-month period of the year 2021.

In violation of 31 U.S.C. §§ 5322(b) and 5331, and 18 U.S.C. § 2.

## Count Twelve
## Money Laundering Conspiracy
## (Violation of 18 U.S.C. § 1956(h))

Beginning in or before January 2018, and continuing until in or around January 2023, in the Fort Worth Division of the Northern District of Texas, and elsewhere, defendants, **Zachary Stevens** and **Maria Guadalupe Perez**, along with and others known and unknown, did knowingly and intentionally conspire and agree with others known and unknown, to commit certain offenses against the United States in violation of Title 18, United States Code, Section 1956 and Section 1957, to wit:

1. To knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is drug trafficking, in violation of Title 21, United States Code, Sections 846, and 841(a)(1), with the intent to promote the carrying on of specified unlawful activity, that is drug trafficking, in violation of Title 21, United States Code, Sections 846, and 841(a)(1), and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

2. To knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is Smuggling Goods from the United States, in violation of Title 18, United States Code, Section 554, with the intent to promote the carrying on of specified unlawful activity, that is Smuggling Goods from the United States, in violation of Title 18, United

States Code, Sections 554, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

3. To knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, drug trafficking, in violation of Title 21, United States Code, Sections 846, and 841(a)(1) knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, ownership, control and source of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions, represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

4. To knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, Smuggling Goods from the United States, in violation of Title 18, United States Code, Section 554 knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, ownership, control and source of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions, represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

Indictment – Page 14

5. To knowingly transport, transmit, transfer, and attempt to transport, transmit and transfer monetary instruments and funds involving the proceeds of specified unlawful activity, that is drug trafficking, as described in this Indictment, in violation of Title 21, United States Code, Sections 846, and 841 (a)(1), from a place inside the United States to or through a place outside the United States knowing that the monetary instruments and funds involved in the transportation, transmission, or transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i);

6. To knowingly transport, transmit, transfer, and attempt to transport, transmit and transfer monetary instruments and funds involving the proceeds of specified unlawful activity, that is Smuggling Goods from the United States, as described in this Indictment, in violation of Title 18, United States Code, Section 554, from a place inside the United States to or through a place outside the United States knowing that the monetary instruments and funds involved in the transportation, transmission, or transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i);

Indictment – Page 15

7.      To knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is a withdrawal, transfer, exchange, and deposit of United States currency and other monetary instruments, such property having been derived from a specified unlawful activity, that is, drug trafficking, in violation of Title 18, United States Code, Section 1957; and

8.      To knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is a withdrawal, transfer, exchange, and deposit of United States currency and other monetary instruments, such property having been derived from a specified unlawful activity, that is, Smuggling Goods from the United States, in violation of Title 18, United States Code, Section 1957

In violation of 18 U.S.C. § 1956(h).

Forfeiture Notice
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 31 U.S.C. § 5317(c)(1); 18 U.S.C. § 982(a)(1))

Upon conviction for any of the offenses alleged in Counts One through Three of the Indictment and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), defendant, **Zachary Stevens**, shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the respective offense.

Upon conviction for any of the offenses alleged in Counts Four through Ten of the Indictment and pursuant to 31 U.S.C. § 5317(c)(1), the defendants, **Zachary Stevens** and **Maria Guadalupe Perez**, shall forfeit to the United States of America any property, real or personal, involved in, or traceable to property involved in, the respective offense.

Upon conviction for the offense alleged in Count Twelve of the Indictment and pursuant to 18 U.S.C. § 982(a)(1), the defendants, **Zachary Stevens** and **Maria Guadalupe Perez,** shall forfeit to the United States of America any property, real or personal, involved in, or traceable to property involved in, the offense.

The property subject to forfeiture includes, but is not limited to, the following:

1. The proceeds traceable to each of Counts One through Three, in the form of a "money judgment."

2. The value of the property involved in Counts Four through Eleven, in the form of a "money judgment."

3. $48,239.00 in U.S. currency seized from 4304 Harbin Court, Carrollton, Texas on February 3, 2023.

4. $10,926.00 in U.S. currency seized from 1522 SE 14th Street, Grand Prairie, Texas on February 3, 2023.

5. Glock 17 handgun, serial number BCG736, with magazine and rounds of ammunition, seized from 4304 Harbin Court, Carrollton, Texas on February 3, 2023.

6. Bushmaster .223 caliber rifle, serial number L322270, with scope, seized from 4304 Harbin Court, Carrollton, Texas on February 3, 2023.

7. $49,463.64 seized on February 3, 2023, from PNC Bank account #XXXXXXXX9916 in the name of Universal Brands Consolidated LLC.

8. The real property located at 4304 Harbin Court, Carrollton, Texas, legally described as LOT 24, BLOCK C, COYOTE RIDGE PHASE TWO, AN ADDITION TO THE CITY OF CARROLLTON, DENTON COUNTY, TEXAS, ACCORDING TO MAP OR PLAT THEREOF RECORDED IN CABINET U, PAGE(S) 336, MAP AND/OR PLAT RECORDS OF DENTON COUNTY, TEXAS.

9. 2015 Jeep Wrangler Sahara, VIN # 1C4HJWEGXFL629023, seized at 1522 SE 14th Street, Grand Prairie, Texas on February 3, 2023.

A TRUE BILL.

_____
FOREPERSON

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
SHAWN SMITH
Assistant United States Attorney
Texas State Bar No. 24033206
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817-252-5200
Email: Shawn.Smith2@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

THE UNITED STATES OF AMERICA

v.

ZACHARY STEVENS (01)
MARIA GUADALUPE PEREZ (02)

INDICTMENT

18 U.S.C. §§ 554 and 2
Smuggling Goods from the United States
Counts 1-3

31 U.S.C. §§ 5324(a)(3) and (d)(1)
Structuring Transactions to Evade Reporting Requirements
Counts 4-10

31 U.S.C. §§ 5322(b) and 5331, and 18 U.S.C. § 2)
Failure to File IRS Form 8300
Count 11

Violation of 18 U.S.C. § 1956(h)
Money Laundering Conspiracy
Count 12

18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 31 U.S.C. § 5317(c)(1);
18 U.S.C. § 982(a)(1))
Forfeiture Notice

A true bill rendered

FORT WORTH                  *[signature: Ronald D. ...]*                  FOREPERSON

Filed in open court this 14th day of June, 2023.

**Defendant in Stevens (01) on conditions of release.**
**Defendant Perez (01) in Federal custody since February 3, 2023.**

---

*[signature: Hal R. Ray, Jr.]*
UNITED STATES MAGISTRATE JUDGE
Magistrate No.: 4:23-MJ-071-BP